UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ABDOUL BA, )<br>)<br>Defendant. ) | Case No. 4:08MJ2168 AGF |

**ORDER FINDING PROBABLE CAUSE**
**AND ORDERING PRETRIAL DETENTION**

On August 8, 2008, Defendant was charged in a one count criminal complaint with trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a). The affidavit in support of the complaint alleges that on July 24, 2008, Defendant sold counterfeit trademark goods, namely "Coogi" brand shirts, through Clothing Wear Brothers, a business Defendant owns with Foulah Sow. A search of the premises was thereafter conducted on August 8, 2008, pursuant to a federal search warrant, and a large quantity of "Coogi" clothing was seized. It further alleges that the sale of the counterfeit goods was knowing by Defendant, as he had been prosecuted for the same conduct earlier in 2007, and was sentenced for said conduct on June 2, 2008, and agents had specifically detailed for Defendant and his attorney the counterfeit merchandise, including "Coogi" items, being sold through the store.

On August 12, 2008, the Court held a preliminary examination hearing and a hearing on the government's motion for pretrial detention. Defendant appeared and was

represented by Assistant Federal Public Defender Lucille G. Liggett. The government was represented by Assistant United States Attorney Jennifer J. Roy. The government presented the testimony of United States Postal Inspector John R. Jackman. Based upon the evidence adduced at the preliminary examination, the Court finds probable cause to believe that the offense charged in the complaint was committed by Defendant, and the Defendant will be held to answer the charges.

With regard to the issue of pretrial detention, neither party had any objections to the factual information contained in the Pretrial Services Report ("PSR") dated August 8, 2008, which the Court adopts and incorporates herein. As set forth therein, at the time of the alleged activities charged in the complaint, Defendant was on probation related to a conviction for the same type of conduct charged in the complaint, namely, the sale of counterfeit "Coogi" items. Case No. 4:07CR619 ERW (the "2007 Case"). As the Court advised the parties at the time of the detention hearing, based on the instant charge, the probation office filed a petition seeking the revocation of Defendant's supervision. Judge Webber issued a warrant based on that petition on August 11, 2008, which has been lodged as a detainer herein.

Defendant proffered to the Court that he could continue to live with Foulah Sow, and requested that he be released on a $10,000 bond, secured by 10%. The government opposed any release of Defendant, based in part on the fact that Defendant committed the exact same offense for which he was previously convicted, less than two months after his release on probation.

Based on the factors set forth in 18 U.S.C. § 3142, the Court finds that the government has met its burden to establish that pretrial detention is warranted. The Court notes that the government has presented strong evidence of the charges against Defendant, including the monitored sale by Defendant of a counterfeit Coogi item and the subsequent seizure of a large number of counterfeit items from his store. Based on that evidence, it appears that notwithstanding that Defendant was released on probation in June, 2008, Defendant has continued to engage in the very same illegal conduct for which he was prosecuted. A petition has been filed to revoke Defendant's probation based on this new offense conduct, and the warrant has been lodged as a detainer. Thus, there is substantial question whether Defendant would be eligible for release in any event. Further, the Court notes that Defendant is a citizen of a foreign country, has traveled to that country frequently, and has few ties to this community, as his entire family, including his wife and children live in West Africa. Moreover, Foulah Sow, the individual with whom he would presumably continue to work and live, was also convicted as a co-defendant in the 2007 Case. For the above reasons, and for the reasons set forth in the PSR, the Court finds that there is no condition or combination of conditions that will adequately assure the appearance of Defendant and the safety of the community. 18 U.S.C. § 3142(e) and (f).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to answer any timely filed indictment, and this case is passed to **Friday, September 5, 2008, at 2:00 p.m.**, for a conference on the status of the prosecution before the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that Defendant, Abdoul Ba, be detained pending trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded reasonable opportunity for consultation with counsel; and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 13th day of August, 2008.